Per Curiam.

As we view the matter, the primary question presented is whether the so-called “preliminary tax” provided for in the second paragraph of Section 6828-43, General Code, is in reality a tax or merely an assessment. If it is the former, no immediate duty rests on the county auditors to place the same upon the tax lists and duplicates of their respective counties as demanded by the conservancy district.
So much of the second paragraph of Section 6828-43, General Code, as is pertinent, reads as follows:
“As soon as any district shall have been organized under this chapter, and a board of directors shall have been appointed and qualified, -such board of directors shall have the power and authority to levy upon the property of the district in each of not more than two years a preliminary tax of not to exceed three-tenths of a mill on the assessed valuation thereof at a level rate to be used for the purpose of paying expenses of organization, for surveys and plans, and for other *158 incidental expenses which may he necessary up to the time money is received from the sale of bonds or otherwise. This tax shall be certified to the auditors of the various counties and by them to the respective treasurers of their counties. If such items of expense have already been paid in whole or in part from other sources, they may be repaid from the receipts of such levy, and such levy may be made although the work proposed may have been found impracticable or for other reasons is abandoned. The collection of such tax levy shall conform in all matters to the provisions of the General Code governing the collection of taxes and assessments levied by local taxing districts, and the same provisions concerning the nonpayment of taxes shall apply. The board may borrow money in any manner provided for in this chapter and may pledge the receipts from such taxes for its repayment, the information collected by the necessary surveys, the appraisal of benefits and damages, and other information and data being of real value and constituting benefits for which said tax may be levied.”
Throughout the quoted paragraph, the word, “tax,” is consistently used and nowhere does the word, “assessment, ’ ’ appear except in the sentence which reads: “The collection of such tax levy shall conform in all matters to the provisions of the General Code governing the collection of taxes and assessments levied by local taxing districts.”
Section 6828-43, General Code, was amended in 1937. That the word, ‘ ‘ tax, ’ ’ as repeatedly used therein was designedly and advisedly employed is emphasized by reference to Section 2, Article XII of the Constitution of Ohio, and its accompanying schedule, adopted by the voters of Ohio in 1933.
So much of that constitutional provision, effective January 1, 1934, as is relevant reads:
*159 “No property, taxed according to value, shall be so taxed in excess of one per cent of its true value in money for all state and local purposes, but laws may be passed authorizing additional taxes to be levied outside of such limitation, either when approved by at least a majority of the electors of the taxing district voting on such proposition, or when provided for by the charter of a municipal corporation. * * *
“Schedule: * * * the following enumerated levies shall not be subject to the limitation of one per cent established by such amendment: * * * (2) All tax levies provided for by the Conservancy Act of Ohio or the Sanitary District Act of Ohio, as said laws are in force on January 1, 1934, for the purpose of conservancy districts and sanitary districts organized prior to said date * *
Conversely, the plain intention of the voters would appear to be that the provisions of Section 2, Article XII of the Constitution, should apply to the levying of taxes by conservancy districts organized and established after January 1, 1934, as was the Scioto-Sandusky Conservancy District. *
The conservancy district cites and relies on the fifth paragraph of the syllabus in the case of County of Miami v. City of Dayton, 92 Ohio St., 215, 110 N. E., 726, to support its contention that the so-called “preliminary tax” authorized by Section 6828-43, General Code, is in reality an assessment and should be treated as such. However, that case was decided in 1915 and since then the voters have spoken through the adoption of Section 2, Article XII of the Constitution, and have made it clear that the “preliminary tax’’referred to in Section 6828-43, General Code, is in fact a tax subject to the ten-mill limitation imposed by the constitutional provision, as concerns conservancy districts organized after the effective date of such provision.
*160 We therefore conclude that the “preliminary tax” provided for in Section 6828-43, General Code, is a tax as contemplated by Section 2, Article XII of the Constitution, and comes within the scope of Section 5625-2, General Code, a part of the Uniform Tax Levy Act, which requires that “the aggregate amount of taxes that may be levied on any taxable property in any subdivision or other taxing unit of the state shall not in any one year exceed ten mills of each dollar of tax valuation,” etc.
Admittedly, the “preliminary tax” levied by the conservancy district under Section 6828-43, General Code, was not submitted to the budget commissions of the counties as a levy within the ten-mill limitation, nor was it submitted to a vote of the people for approval or disapproval as a tax beyond the ten-mill limitation.
It follows that writs of mandamus are denied in cases Nos. 33489 and 33490.
In case No. 33492, the demurrer to the petition is sustained. Since the “preliminary tax” provided for in Secti'dn 6828-43, General Code, is a tax and not an assessment, the General Assembly of Ohio, pursuant to constitutional permission (Section 2, Article XII of ■the Constitution), has by statutory enactment exempted from taxation the public property described in the petition praying for a writ of mandamus to require the. auditor of Franklin county to place such public property on the tax list and duplicate of that county in compliance with the resolutions of the conservancy district. See Section 5351 et seq., General Code.
Lastly, we turn to case No. 33460 — the action in quo warranto.
The conservancy district being a creature of statute can exercise no greater or other powers than those conferred on it by law but, if under a valid statute the *161 district has the power to levy a preliminary tax, an erroneous exercise of that power or a failure to proceed properly in the exercise thereof can not be questioned by a proceeding in quo warranto. State, ex rel. Atty. Genl., v. City of Newark, 57 Ohio St., 430, 49 N. E., 407.
As has been observed, the conservancy district was established in 1934. At that time and as then in force Section 6828-43, General Code (104 Ohio Laws, 13, 35), provided in part:
“As soon as any district shall have been organized under this act, and a board of directors shall have been appointed and qualified, such board of directors shall have the power and authority to levy upon the property of the district not to exceed three-tenths of a mill on the assessed valuation thereof as a level rate to be used for the purpose of paying expenses of organization, for surveys and plans, and for other incidental expenses which may be necessary up to the time money is received from the sale of bonds or otherwise.”
This section was amended in 1937 (117 Ohio Laws, 163, 190) by, inter alia, changing the word, “act,” to “chapter” and by inserting before the words, “not to exceed three-tenths, ’ ’ the words, ‘ ‘ in each of not more than two years a preliminary tax of.” However, it is contended by relator that to permit a district organized before the 1937 amendment to levy more than one preliminary tax would be violative of Section 28, Article II of the Constitution of Ohio, which denies the right of the General Assembly to pass retroactive laws or laws impairing the obligation of contracts. The relator argues that, since the conservancy district was organized in accordance with the statutes in force in 1934, any subsequent law conferring upon districts organized under those statutes the power to levy an *162 additional tax would be a “retroactive law” within the meaning of the constitutional provision just referred to. Miller v. Hixson, Treas., 64 Ohio St., 39, 59 N. E., 749, is cited in support of this view.
However, the instant case differs in several respects from the Miller case, one important difference being that the statutes under which the district was established provided for its organization as a corporation (see Sections 6828-6 and 6828-7, General Code), and such organization was fully completed. It is then provided by statute what powers the conservancy district as a corporation shall exercise following its incorporation. One of such statutory provisions is Section 6828-43, General Code.
Sections 1 and 2, Article XIII of the Constitution of Ohio, provide in part:
“The General Assembly shall pass no special act conferring corporate powers.
“Corporations may be formed under general laws; but all such laws may, from time to time, be altered or repealed. * * *”
The conservancy district herein was formed under a general law and certainly the General Assembly may, after the organization of such a public corporation, confer upon it powers of taxation in addition to those it possessed at the time of its organization. To hold otherwise would be to disregard the provisions of Section 2, Article XIII of the Constitution of Ohio. In such an instance, unlike in Wheatley, Trustee, v. A. 1. Root Co., 147 Ohio St., 127, 69 N. E. (2d), 187, there would be no impairment of vested contractual rights.
As to relator’s argument based on Section 26, General Code, suffice it to say that the “proceeding” commenced by the filing of a petition for the organization of a conservancy district is completed when such corporation is formed. This would seem apparent from *163 the provisions of Sections 6828-6 and 6828-7, General Code.
Relator argues further that the conservancy district herein was not organized under the “chapter” in which present Section 6828-43, General Code, is found, but was organized under the “act” which was passed before the 1937 amendment of the sections of the statutes relating to conservancy districts. However, this contention would seem to be answered by an examination of the amendatory act (117 Ohio Laws, 163 et seq.), which was “an act to amend” 68 of the 79 sections of the original conservancy act of Ohio and to add 6 supplemental sections. It may be observed further that Section 6828-79, General Code, which was the emergency section of the original act, was not amended by the 1937 amendatory act. Obviously, the only reason for substituting in 1937 the word, “chapter,” for the word, “act,” in Section 6828-43, General Code, was that the sections of the original act had theretofore been placed in Chapter 11, Title III of Part 2 of the General Code, and constituted the whole of that chapter.
Since the allegations of the petition in the quo warranto action are not such as to justify the granting of the relief sought, judgment is rendered for defendants.

Judgments accordingly.

Weygandt, C. J., Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.